UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOMOKENYATTA-BEAN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 04-2592 |
| HOUSING AUTHORITY OF NEW ORLEANS, ET AL. | SECTION: "S" (2) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED:**

(1) Defendant United States Department of Housing and Urban Development's ("HUD") motion to dismiss is **GRANTED** (Doc. #101);

(2) Defendant Housing Authority of New Orleans' motion to dismiss the claims of four named plaintiffs is **GRANTED** (Doc. #109); and

(3) Defendant Housing Authority of New Orleans' motion to decertify the collective action class is **DENIED** (Doc. #109).

**IT IS FURTHER ORDERED** that the claims of Bertrand Butler be dismissed.

### BACKGROUND

Plaintiffs are employees of Housing Authority of New Orleans ("HANO"), who brought suit against HANO alleging that they and similarly situated individuals were not paid overtime by HANO for hours worked in excess of 40 hours per week, and that sometimes they were not paid at all. Plaintiffs further allege that HANO deliberately miscalculated their pay in order to circumvent their rights under the Fair Labor Standards Act ("FLSA"), and that HANO refused to

provide them with Merit Pay Increases for 2003 and 2004.  Plaintiffs also brought suit against United States Department of Housing and Urban Development ("HUD"), which took possession of HANO in 2002 pursuant to the United States Housing Act of 1937, as amended, 42 U.S.C. § 1437 *et seq.*, and Alphonso Jackson, HUD's Secretary, and its employees Carmen Valenti, Justin Ormsby, Carrie Dobbins (collectively referred to as "HUD").

A motion to dismiss by HUD and a motion to certify a class by plaintiffs were addressed in this court's Order and Reasons of November 18, 2005.[1]  The court denied HUD's motion to dismiss based on 42 U.S.C. § 1437d(j)(3)(H), and conditionally certified a class of plaintiffs consisting of "all current and former employees of HANO who were paid on an hourly basis at any time between September 3, 2001 and present and who worked, at any time therein, more than 40 hours during a workweek."[2]

HUD filed this motion to dismiss based on 42 U.S.C. § 1437d(j)(3)(H), claiming that plaintiffs are not HUD employees and, therefore, any waiver of sovereign immunity provided by the FLSA does not apply in this case.  HANO filed a motion to dismiss four named plaintiffs who have failed to a make themselves available for depositions as ordered by the court.  HANO also filed a motion to decertify the collective action class on the grounds that the loss of named plaintiffs has destroyed the qualities underlying the conditional certification.

## DISCUSSION

---

[1] Doc. #51

[2] The court in that ruling also denied HANO's Motion for Summary Judgment based on Tenth and Eleventh Amendment immunity.

### A.     HUD's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

#### 1.     Standard of Review.

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court must dismiss an action if appears that the court does not have subject matter jurisdiction over the plaintiffs' claims. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may base its decision on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

#### 2.     Sovereign Immunity and Subject Matter Jurisdiction.

Federal courts may exercise jurisdiction only to the extent that it is granted to them under the Constitution and by Congress. *Kokkonen,* 511 U.S. at 377. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586 (1941). This immunity deprives federal courts of subject matter jurisdiction. *Chapa v. United States Dept. of Justice,* 339 F.3d 388, 389 (5th Cir. 2003). Lawsuits against the agencies of the United States are considered to be suits against the United States. *Kentucky v. Gordon,* 473 U.S. 159, 166 (1985). Lawsuits against federal employees in their official capacity also are considered to be suits against the United States. *F.D.I.C. v. Meyers,* 510 U.S. 471, 485-86 (1994).

Defendants contend that plaintiffs' claims should be dismissed based on lack of subject

3

matter jurisdiction because HUD, as an agency of the United States, is entitled to sovereign immunity. According to HUD, a suit against the agency or its employees is essentially a suit against the United States. HUD contends that neither it nor its employees can be sued unless Congress has explicitly or implicitly denominated them amenable to such suits.

HUD argues that the FLSA, under which plaintiffs brought their suit, provides a waiver of sovereign immunity against the Untied States only for suits brought by its own employees. HUD asserts that when it assumed its congressionally mandated authority to take possession of HANO and appoint an administrative receiver, HANO's employees did not become HUD employees.

HUD further argues that plaintiffs cannot rely on 42 U.S.C. § 1404a or 12 U.S.C. § 1702 to circumvent its sovereign immunity because this case does not concern the Housing Act. According to HUD, the sue and be sued provisions in these statutes are limited waivers of sovereign immunity. Section 1404a permits suits against the Secretary of HUD "only with respect to [HUD's] functions" under the Housing Act. Section 1702 limits its waiver of sovereign immunity to suits challenging HUD's functions in carrying out various portions of the National Housing Act of 1937. Thus, HUD contends that no provision in either statute authorizes a claim against HUD under the FLSA by employees of a public housing agency such as HANO.

HUD argues that, although 42 U.S.C. § 1437d(j)(3)(H) is part of the National Housing Act, section 1404a does not provide a waiver to sovereign immunity that would allow HUD to be sued when it takes possession of a public housing agency. Rather, the statute provides that "any

liability incurred . . . shall be the liability of the public housing authority." 42 U.S.C. § 1437d(j)(3)(H).

Plaintiffs argue the FLSA permits employees to bring actions for backpay "against any employer (including a public agency). . . ." 29 U.S.C. § 216(b). Plaintiffs argue that the statute includes a definition provision applying the term "employer" to "public agency." Plaintiffs assert that because HUD qualifies as an employer for the purpose of the FLSA, plaintiffs suit against HUD in its official capacity is proper.

Section 216(b) of the FLSA provides:

> Any employer . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). Although the statute provides that an employee may maintain an action against "any employer in any federal or state court," this provision has been interpreted by courts to allow for an action against the United States or its agencies only for suits brought by its own employees. *See El-Sheiki v. United States,* 177 F.3d 1321, 1323-24 (Fed. Cir. 1999).

Here, plaintiffs are not employees of the United States Government. Plaintiffs are employed by HANO, which is a state agency, not a federal agency. *Guesnon v. McHenry,* 539 F.2d 1075, 1077 n.2 ((5th Cir. 1976). Thus, plaintiffs are state employees and the limited waiver of sovereign immunity by the United States under the FLSA does not apply.

Alternatively, plaintiffs claim jurisdiction over a FLSA suit by state employees against

the United States may exist under the "Little" Tucker Act, 28 U.S.C. § 1346(a)(2), which provides concurrent jurisdiction in the district courts and the Court of Federal Claims over suits against the United States for $10,000 or less that are founded upon " the Constitution, or any Act of Congress, . . . or upon any express or implied contract with the United States."  HUD contends that the Little Tucker Act does not apply in this case because the amount of the claim exceeds $10,000, which eliminates the statute as a basis for jurisdiction.

Plaintiffs have not alleged that the amount of their claim is less than $10,000 as required for jurisdiction under the Little Tucker Act.  Therefore, the court does not have concurrent jurisdiction under the Little Tucker Act.

Therefore, plaintiffs' claims against HUD are dismissed.

**B.     HANO's Motion to Dismiss Claims of Four Named Plaintiffs and Bertrand Butler.**

HANO moves the court to dismiss the claims of James Adams, Charles Jones, Sandra Sweetwyne, and Alice Vincent, for failing to make themselves available for depositions as ordered by the court.  Plaintiffs' counsel consents to the dismissal.  Therefore, HANO's motion is granted.

Additionally, counsel for plaintiffs has informed the court that plaintiff Bertrand Butler has become *incommunicado* and consents to the dismissal of his claim.

**C.     HANO's Motion to Decertify the Class.**

HANO contends that the conditional certification of the class in this case should be annulled because the grounds for its establishment no longer exist.  According to HANO, courts considering the certification of a class under section 216(b) require a link between the original

named plaintiffs and the potential class.  HANO argues that when the majority of the original named plaintiffs disappear from the action, the grounds for certification disappear with them.  Thus, HANO argues that the conditional certification of the class in this case should be stricken.

Plaintiffs contend that the class should not be decertified.  Plaintiffs argue that the named plaintiff Bean remains a class representative, and that HANO offers no evidence suggesting that he is no longer similarly situated with the putative class or the more than 50 opt-in plaintiffs who have joined the action.  Further, plaintiffs note that HANO recently produced new employee lists, and the individual on those lists have not had an opportunity to join the litigation.  Thus, plaintiffs contend HANO's motion is premature.

The court agrees that HANO has offered no evidence to indicate that the qualities underlying the conditional certification are no longer present in this action.  Therefore, HANO's motion to decertify the class is denied.

## CONCLUSION

HUD's motion to dismiss is granted.  HANO's motion to dismiss the claims of four named plaintiffs is granted.  Further, the claims of plaintiff Bertrand Butler are dismissed.  HANO's motion to decertify the collective class action is denied.

New Orleans, Louisiana, this __1st__ day of November, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**